AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Western District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| SEAN RYAN MCKENZIE | ) | Case Number: 22-129 |
| | ) | USM Number: 02482-510 |
| | ) | Michael J. DeRiso |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1 through 7 of the Superseding Indictment

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18:2251(a) and 2251(e) | Production and Attempted Production of Material Depicting the Sexual Exploitation of a Minor | 6/8/2021 | 1s |

See page 2.

The defendant is sentenced as provided in pages 2 through  12  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/6/2023
Date of Imposition of Judgment

s/Cathy Bissoon
Signature of Judge

Cathy Bissoon, United States District Judge
Name and Title of Judge

12/6/2023
Date

DEFENDANT: SEAN RYAN MCKENZIE
CASE NUMBER: 22-129

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252(a)(4)((B) and 2252(b)(2) | Possession of Material Depicting the Sexual Exploitation of a Minor | 3/1/2022 | 2s |
| 18:2251(a) and 2251(e) | Production and Attempted Production of Material Depicting the Sexual Exploitation of a Minor | 6/5/2020 | 3s |
| 18:2251(a) and 2251(e) | Production and Attempted Production of Material Depicting the Sexual Exploitation of a Minor | 12/13/2020 | 4s |
| 18:2252(a)(1) and 2252(b)(1) | Transportation and Attempted Transportation of Material Depicting the Sexual Exploitation of a Minor | 6/5/2020 | 5s |
| 18:2252(a)(1) and 2252(b)(1) | Transportation and Attempted Transportation of Material Depicting the Sexual Exploitation of a Minor | 12/13/2020 | 6s |
| 18:2252(a)(1) and 2252(b)(1) | Transportation and Attempted Transportation of Material Depicting the Sexual Exploitation of a Minor | 2/21/2021 | 7s |

AO 245B (Rev. 09/19)  Judgment in Criminal Case
    Sheet 2 — Imprisonment

Judgment — Page __3__ of __12__

DEFENDANT:   SEAN RYAN MCKENZIE
CASE NUMBER:   22-129

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

276 months, on each of Counts 1, 3 and 4 – and 240 months, on each of Counts 2, 5, 6 and 7 – all of which shall run concurrently.  Thus, Defendant's effective sentence is 276 months imprisonment, and he shall receive credit for time served, if applicable, to be determined by the Bureau of Prisons.

☑ The court makes the following recommendations to the Bureau of Prisons:
First priorities, that Defendant be housed in a facility equipped to continue his mental health counseling, and that he be placed where sufficient protection may be afforded him, given his law enforcement background; and second, that he be placed as close as possible to Pittsburgh, and where he will be permitted to engage in any educational programming that Defendant may choose to avail himself to.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　　Sheet 3 — Supervised Release

Judgment—Page **4** of **12**

DEFENDANT: SEAN RYAN MCKENZIE
CASE NUMBER: 22-129

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

25 years, on each Count, to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                       Sheet 3A — Supervised Release

Judgment—Page **5** of **12**

DEFENDANT: SEAN RYAN MCKENZIE
CASE NUMBER: 22-129

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3B — Supervised Release

Judgment—Page   6   of   12

DEFENDANT:   SEAN RYAN MCKENZIE
CASE NUMBER:   22-129

# ADDITIONAL SUPERVISED RELEASE TERMS

1. Defendant shall not illegally possess a controlled substance.

2. Defendant shall not possess a firearm, ammunition, destructive device or any other dangerous weapon.

3. Defendant shall have no contact by any means, including, but not limited to direct, indirect, or third-party contact, whether electronic, in-person, mail, telephonic, or through social media or online postings, with any of the minor victims in this case or any family members of the victims.

4. Defendant shall pay restitution that is imposed by this Judgment that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10 percent of his gross monthly earnings.  The first payment shall be due within 30 days from Defendant's release from the custody of the Bureau of Prisons.

5. Defendant shall report any change of address within 30 days to the United States Attorney's Office while any portion of restitution remains outstanding.

6. Defendant is prohibited from incurring new credit charges or opening additional lines of credit without prior written approval of the Probation Office.

7. Defendant shall provide the Probation Office with access to any requested financial information.

8. Defendant shall cooperate in the collection of DNA as directed by the Probation Office.

9. As required by 18 U.S.C. §§ 3563(a)(8) and 3583(d), and the Sex Offender Registration and Notification Act (SORNA, 42 U.S.C. §16901 et seq.), Defendant shall report the address where he will reside and any subsequent change of residence to the Probation Office responsible for Defendant's supervision, and further shall register as a convicted sex offender in any state where he resides, is employed, carries on a vocation or is a student.

10. Defendant shall not enter into a rental agreement and/or purchase computers, cell phones, or electronic communication or data storage devices without the consent of the Probation Office.  Furthermore, Defendant shall not make excessive and/or unexplained purchases of items ordinarily related to children under the age of 18, without approval of the Probation Office.

11. Defendant shall submit his person, property, house, residence, vehicle, papers, business or place of employment, to a search, conducted by a United States probation or Pretrial Services Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to such a search may be grounds for revocation.  Defendant shall inform any other residents that the premises may be subject to searches pursuant to this condition.

12. Defendant is permitted to possess or use a computer and is allowed access to the Internet.  However, Defendant is not permitted to use a computer, or other electronic communication or data storage devices, including a cell phone, to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children.  Defendant shall consent to the installation of any hardware or software to monitor any computer, or other electronic communication or data storage devices used by Defendant to confirm compliance with this condition.  Furthermore, Defendant shall consent to periodic unannounced examinations by the Probation or Pretrial Services Office of any computers, cell phones or other electronic communication or data storage devices that Defendant has access to, to confirm compliance with this condition.  Additionally, Defendant shall consent to the seizure and removal of hardware and data storage media for further analysis by the Probation or Pretrial Services Office, based upon reasonable suspicion of a violation of the conditions imposed in this case, or based upon reasonable suspicion of unlawful conduct by Defendant.  Failure to submit to the monitoring or search of computers and other electronic communication or data storage devices used by Defendant may be grounds for revocation.

DEFENDANT: SEAN RYAN MCKENZIE
CASE NUMBER: 22-129

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

13. If Defendant's employment requires the use of a computer, Defendant may use a computer in connection with the employment approved by the probation or pretrial services officer, provided Defendant notifies his employer of the nature of the conviction. The probation or pretrial services officer shall confirm compliance with this notification requirement.

14. Defendant shall provide the Probation Office with accurate information about Defendant's entire computer system (hardware or software) and other electronic communication or data storage devices or media, to include all passwords used and the names of the Internet Service Providers. Defendant also shall abide by the provisions of the Computer Restrictions and Monitoring Program approved by the Court.

15. With the exception of brief, unanticipated and incidental contacts, to include Defendant's place of employment and/or volunteer activity, Defendant shall not associate with children under the age of 18, except in the presence of an adult who is aware of the nature of Defendant's history, characteristics and conviction and has been approved in advance by the probation officer.

16. Defendant shall not frequent and/or loiter within 500 feet of places where children congregate on a regular basis, such as, but not limited to, schools; playgrounds; children's toy and/or clothing stores; video arcades; daycare centers; swimming pools; zoos; amusement parks; or other places primarily used or that can reasonably be expected to be used by children under the age of 18, without prior permission by the Probation Office.

17. Defendant shall not photograph and/or videotape any children under the age of 18 without the written consent of their parent or legal guardian who is aware of the nature of Defendant's history, characteristics and conviction and has been approved by the Probation Office.

18. Defendant shall not possess or access with intent to view any materials, including pictures, photographs, books, writings, drawings, videos or video games depicting and/or describing child pornography as defined at 18 U.S.C. § 2256(8), or obscene visual representations of the sexual abuse of children as defined at 18 U.S.C. § 1466A.

19. Defendant must participate in a sex offense-specific assessment.

20. In participating in the sex offense-specific treatment program, Defendant most follow all rules and regulations of the program. The Probation Office will establish and supervise the specifics of the program, including the provider's identity, location, modality, duration and intensity, et cetera.

21. Defendant shall submit to periodic polygraph testing, at the direction and in the discretion of the Probation Office, as a means of ensuring compliance with the requirements of supervision and the treatment program.

22. Defendant shall participate in a mental health assessment and/or treatment program, approved by the Probation Office, until such time as Defendant is released from the program by the Probation Office. The Probation Office is authorized to release Defendant's presentence report to the treatment provider if so requested.

DEFENDANT: SEAN RYAN MCKENZIE
CASE NUMBER: 22-129

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 700.00 | $ 61,000.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| See page 10. | | | |
| TOTALS | $ 0.00 | $ 61,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)    Case 2:22-cr-00129-CB    Document 84    Filed 12/06/23    Page 9 of 12
Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page 9 of 12

DEFENDANT: SEAN RYAN MCKENZIE
CASE NUMBER: 22-129

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The restitution owed to Minor A shall be paid in full, before restitution payments are applied to the balance owed to each of the other victims. The remaining victims are given second – and equal – priority, with each victim receiving approximately proportioned sums of partial restitution payments made, once Victim A has received payment in full.

Restitution payments shall be sent to the Clerk of Court, as follows. Defendant shall make his checks/payments payable to "Clerk, U.S. District Court," and mail/deliver his payments to the Clerk of the Court, at the following address: Clerk of Court, U.S. Courthouse, 700 Grant Street, Suite 3110, Pittsburgh, PA 15219. The Clerk of Court will forward Defendant's payments to the victims.

Defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary shall be applied to pay restitution.

Any portion of the restitution that is not paid in full at the time of Defendant's release from imprisonment shall be paid as a condition of supervised release. While on supervised release, Defendant shall pay restitution at a rate of not less than 10 percent of his gross monthly earnings. The first payment shall be due within 30 days from Defendant's release from the custody of the Bureau of Prisons.

The victims' recoveries are limited to the amounts stated in this Judgment, and Defendant's liability for restitution ceases if and when the victims receive the full amounts presently ordered.

Defendant shall apply to the outstanding restitution obligation all moneys received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains within 10 days of receipt.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

Case 2:22-cr-00129-CB   Document 84   Filed 12/06/23   Page 10 of 12

Judgment—Page  10  of  12

DEFENDANT: SEAN RYAN MCKENZIE
CASE NUMBER: 22-129

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Minor A* | | $3,000.00 | 1 |
| "Chelsea" | | $4,000.00 | 2 |
| "April" | | $4,000.00 | 2 |
| "Violet" | | $5,000.00 | 2 |
| "Henley" | | $3,000.00 | 2 |
| "Jane" | | $4,000.00 | 2 |
| "Jenny" | | $4,000.00 | 2 |
| "Sarah" | | $4,000.00 | 2 |
| "Pia" | | $10,000.00 | 2 |
| "Sloane" | | $10,000.00 | 2 |
| "Lily" | | $10,000.00 | 2 |

*Name and address shall be provided to the Clerk's Office by the U.S. Attorney's Office.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SEAN RYAN MCKENZIE
CASE NUMBER: 22-129

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 700.00 due immediately, balance due

☐ not later than _____ , or
☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:
Defendant shall pay one special assessment of $100, on each Count, for a total of $700, to the United States District Court Clerk forthwith, unless he has already done so.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names
*(including defendant number)*    Total Amount    Joint and Several Amount    Corresponding Payee, if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

See page 12.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: SEAN RYAN MCKENZIE
CASE NUMBER: 22-129

## ADDITIONAL FORFEITED PROPERTY

- An Apple iPhone 12 Pro, 42341, with IMEI number 35378118049773;

- A SanDisk Xpand, Flash Drive 3.0;

- An Apple iPad A2197, bearing serial number F9FZHJX3MF3Q; and

- An Apple iMac desktop computer, bearing serial number W80084-Q8SPL.